## WILLIAM GUCKERT v. JAMES LOWRIE.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLE-GHENY COUNTY.

Argued October 31, 1887—Decided January 3, 1888.

A landlord caused his warrant to be levied upon the goods of an occupant of the leased premises, when a surety for the lessee, paid the rent and had an assignment of the warrant and rent due made to one Guckert. Subsequently, by the surety's direction, the goods distrained were unlawfully sold on the warrant, and a suit was brought by the owner against the landlord, Hippely, and Guckert, for the trespass : *Held*, that in the absence of evidence that Guckert had anything to do with the sale, it was error to submit the question of his liability to the jury.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 141 October Term 1887, Sup. Ct.; court below, No. 673 June Term, 1885, C. P. No. 1.

On June 1, 1885, James Lowrie brought an action of trespass against Isaac Hippely, W. R. Fisher, Wm. Guckert and David S. McKnight, to recover damages for the alleged illegal sale of the plaintiff's personal property under a landlord's warrant.

At the trial on October 21, 1886, the facts appeared: That on April 11, 1885, W. R. Fisher issued to D. S. McKnight, constable, a landlord's warrant against one Lappe, for the collection of $120 rent in arrear on April 1st, for premises on East

Ohio street, Allegheny. At that time James Lowrie was in possession of the leased premises under an arrangement made therefor with Isaac Hippely and one Hopf, the sureties for Lappe on his lease, which arrangement, however, was not recognized by the landlord. Under this warrant a distress was made of the goods of James Lowrie and a sale thereof advertised to be held on the premises on April 29th. On that day, it was ascertained that the household furniture levied upon had been removed and stored with the Union Storage Company. Hippely paid the rent due and the landlord indorsed on the back of the warrant an acknowledgment of satisfaction and an assignment to William Guckert, of the rent due, and costs, "and his right acquired under distraint and levy therefor." Afterwards, McKnight, the constable, with no direction or authority from Guckert, re-advertised the goods and sold them in bulk at the Union Storage Co.'s grounds, for $85, to one Kenworthy, who bought them in for Lowrie, the money realized being paid to Hippely. On the ground that no evidence, sufficient to go to the jury as against Fisher, appeared, a nonsuit was ordered as to him.

The court, COLLIER, J., charged the jury as follows:

The defendants request the court to instruct the jury:

1. The payment of the amount of rent due as distrained for, by Guckert to Fisher, April 29, 1885, was not a payment of rent due, such as would release the goods distrained upon therefrom; and the assignment of April 29, 1885, from Fisher to Guckert, gave Guckert the right to prosecute the distress proceedings, as instituted, to realization of the money mentioned in the warrant of distress for his use.

Answer: Refused.

2. If the constable, at the sale, stated that no possession of the goods could or would be delivered by him to the purchaser, but that the purchaser must make his own arrangements with the storage company as to the getting possession, and that after the sale McKnight simply signed a disclaimer of any right to detain the same, there can be no recovery in this action for taking the goods sued for in this action, against Hippely, or Guckert, or McKnight.

Answer: Refused.

3. Under all the evidence in this case, the plaintiff cannot recover.

Answer: Refused.

It is undisputed that the landlord, Mr. Fisher, had owing to him and due, rent that accrued while the tenant was in the possession of that saloon. It is undisputed that there was rent due by a man named Lappe, who had been in possession; that the plaintiff was in possession and had his goods on the premises; that the landlord issued a landlord's warrant and levied on the goods on the premises; that the goods were moved to the storage company either by the consent or allowance of the landlord, or under the condition that he should leave the premises. It is undisputed that after they were removed, Mr. Hippely, who was bail for the man Lappe, would have to pay the rent if Lappe did not pay it. It is undisputed that Mr. Hippely paid the rent to the landlord, and that the landlord assigned, as he thought he had a right to do, all his rights under this warrant to Mr. Hippely or to a man for him, which is the same thing; that the landlord then indorsed on the warrant that he had received pay and satisfaction for it, and then withdrew; did not order the sale to go on, but just left it, and, as the constable says, would not say much one way or the other; that then Mr. Hippely and the constable undertook to proceed under the warrant to secure himself.

Now, gentlemen, that raises all the questions. Under the laws of Pennsylvania could Mr. Hippely do that? That is the whole question; and I am of the opinion that Mr. Hippely, while he may have acted honestly, had not that power;—he could not use that warrant; and the reason is, that the right to issue a landlord's warrant and execute it is a personal right of the landlord alone. It is the only case where a private individual can issue a public warrant. It is only for himself he can do it, and he cannot assign it to or give anybody else the right to issue or to use that warrant. Nor can the bail be subrogated to the right of or take the position of the landlord, and particularly when the officer who is executing the warrant is notified that the landlord has received his money and is paid in full.

Now, this may be a hard rule and I think it is on the merits

of the case, but the law I apprehend, is as I have stated it.; I have no doubt that the bail cannot be subrogated to the rights of the landlord, nor can he take an assignment to enable him to proceed and collect the rent under a landlord's warrant. The right to issue a landlord's warrant being a personal right in the landlord, he is the only person to whom the law gives the right to execute so summary a proceeding. That being my view of the law, and it is sustained by the authorities in the state, the next question will be, what position were the defendants in? They were in this position: The officer who executed the warrant and sold the goods and the parties who ordered it, were all trespassers. That being the case the next question would be, what were the damages? It is perfectly immaterial whether Mr. Lowrie, the plaintiff, owed the rent and owes it still; his property cannot be sold except in a legal way. It is shown in this case that certain goods were sold, and an order given for the delivery of all of them, by one of the parties. There is also evidence that the defendant, to protect himself, had a friend to buy in the goods for him, and that he got them into his possession afterwards for a certain sum of money. The measure of damages is the fair market value of the goods at the time of the trespass—at the time of the sale. Upon that you have evidence on both sides. You take the articles that were sold; they went back into the hands of the plaintiff; ask yourselves, from the evidence, what was the market value of them? Some of the witnesses put it as high as from three to four hundred dollars; others put it lower, and it is contended that the price they brought at the public sale by the constable, with bidders present, would be evidence, and it is some evidence, of the value of the goods. You take the whole case and say what the value of the goods sold was, and that amount the plaintiff would be entitled to recover.

The jury returned a verdict against Isaac Hippely, William Guckert and D. S. McKnight for $373. On the argument of a motion for a new trial, the plaintiff filed a stipulation reducing his verdict to $250, and judgment being entered thereon, William Guckert took this writ, assigning for error:

1. The answer to the defendant's third point.[1]

*Mr. Winfield S. Wilson*, for the plaintiff in error:

In the trial of a cause, it is a preliminary question of law for the court, whether there is any evidence that reasonably ought to satisfy the jury that an alleged fact is established: Longenecker v. Penn. R. Co., 105 Pa. 328. In the present case there was no evidence proper to be submitted to the jury that defendant Guckert had any connection with the sale of the plaintiff's goods.

There was no appearance for the defendant in error:

OPINION, MR. JUSTICE PAXSON:

This was an action of trespass for unlawfully selling the plaintiff's household goods under a landlord's warrant. The jury have found the trespass, and we have nothing to do with the irregularity of the sale. This writ was taken out by William Guckert, one of the defendants below, who assigns for error, that as to him the plaintiff was not entitled to recover.

It appears that after the warrant had been taken out and a distress made thereunder, Isaac Hippely, one of the bail upon the lease, paid the rent due to the landlord, who indorsed full satisfaction on the warrant. At the same time he assigned the landlord's warrant in the following words: "For value received, I hereby sell, assign, and set over unto William Guckert, Esq., the rent due me until April 1, 1885, and costs accrued thereon, for the property 114½ East Ohio street, Allegheny City, Pa., and my right acquired under distraint and levies therefor." (Signed) William R. Fisher. The constable then proceeded to sell the goods.

I have stated only such facts as bear upon the defendant Guckert.

At the close of the plaintiff's case a motion was made to nonsuit the plaintiff. It was allowed as to William R. Fisher, but denied as to Guckert and the other defendants. I confess I cannot understand why Fisher was let off and Guckert held. Fisher was the landlord who executed the assignment, and there was direct evidence that the goods were sold by his direction; whereas, there is not one word of evidence that Guckert had anything to do with the sale, or that he even knew of it. It is true the assignment was made to him, but

of even this fact he had no knowledge, so far as the testimony shows. There was neither paper book nor appearance for the defendant in error, but I have examined the paper book of the plaintiff in error in vain to discover any connection of Guckert with the transaction from beginning to end, save the bare fact that the warrant was assigned to him. He was neither a party nor a privy. He does not appear to have been present at any place or any time when the arrangements for the sale were in progress, nor to have had any interest in the matter. For anything I can discover, he appears to have been a stranger to the transaction. It is hardly necessary to say that the judgment as to him cannot stand.

Judgment reversed as to William Guckert.